## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHERYL NEWDIGGER** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| **MILLER'S PROFESSIONAL IMAGING** | ) |
| Serve at: | ) |
| Richard G. Miller | ) |
| 610 E. Jefferson Street | ) |
| Pittsburg, KS 66762 | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Cheryl Newdigger ("Plaintiff"), by and through her undersigned counsel and for her Complaint for Damages against Defendant Miller's Professional Imaging ("Defendant") states and alleges as follows:

## PARTIES

1. Plaintiff is a citizen of the United States, residing in Crawford County, Kansas and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of the Age Discrimination Act, 29 U.S.C. § 621 *et seq*. ("ADEA").

2. Miller's Professional Imaging is a for-profit corporation, located at 610 E. Jefferson Street, Pittsburg, KS 66762.

3. At all times pertinent to this Complaint for Damages, Defendant was an employer under the ADEA.

4. This is an employment discrimination lawsuit based upon and arising under the ADEA.

1

## JURISDICTION AND VENUE

5. All of the unlawful act and practices set forth below were committed within Crawford County, Kansas.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and has personal jurisdiction over the Defendant in this case. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e–5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

**7.** On or about January 22, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was dually filed with the Kansas Human Rights Commission (KHRC) against Defendant, alleging discrimination due to age. The Charge of Discrimination is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

8. On or about April 12, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the EEOC's Notice of Right to Sue. The Notice of Right to Sue for Plaintiff is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein.

9. The aforesaid Charge of Discrimination provided the KHRC and EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

10. Plaintiff has exhausted all of her administrative remedies and has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

## BACKGROUND

11. Plaintiff was sixty-one (61) years old at the time of her termination by Defendant.

12. Plaintiff began working for Defendant in May of 1979 in the Shipping Department and subsequently held numerous positions with Defendant.

13. From January 2005 until the time of her termination, Plaintiff was a Customer Service Representative for Defendant.

14. During Plaintiff's nearly forty-one years of employment with Defendant, she was known as an outstanding employee, particularly for her versatility and creativity.

15. On or around November 21, 2019, Plaintiff was recognized and commended for her diligence, hard work, enthusiasm, integrity, and dedication.

16. Less than six months later, on or around May 15, 2020, Plaintiff received a telephone call from Defendant informing her that the company had to make some "hard decisions" and that she was being terminated.

17. During that phone call, Defendant informed Plaintiff that her many years of service "would not be in (her) favor."

18. Plaintiff offered to cut her hours, or even to take a pay cut, but was told "no."

19. Several of Plaintiff's long-term coworkers, who were older, were also terminated at this time.

20. On or around late October 2020, Plaintiff saw an advertisement by Defendant on television announcing that Defendant was seeking applicants for approximately three hundred positions.

21. Upon information and belief, Defendant discriminated against Plaintiff and terminated her because of her age.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

22. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

23. Defendant is an employer under the ADEA.

24. Plaintiff is over forty (40) years old.

25. Plaintiff is a qualified individual as defined by the ADEA due to her age.

26. Defendant unlawfully and intentionally discriminated against Plaintiff based on her age and acted in bad faith by interfering with, recklessly disregarding, and denying her legal rights when Defendant terminated Plaintiff's employment.

27. Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

28. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

29. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

30. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all matters set forth in this Complaint or arising therefrom, and requests such trail be held in Kansas City, Kansas.

Dated: July 11, 2021

By: /s/ Sarah C. Liesen
Sarah C. Liesen, KS # 26988
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**